THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



JOHN BEN SHEPPERD
ATTORNEY GENERAL

March 31, 1953

Hon. William H. Scott                     Opinion No. S-22
Criminal District Attorney
Civil Courts Building                     Re:  Applicability of the motor
Houston 2, Texas                               vehicle transfer tax to the
                                               submitted transaction between
                                               Johnston Oil Field Service
                                               Corporation and Johnston
                                               Testers, Inc.

Attention:  Hon. James R. Gough
            Assistant District Attorney

Dear Sir:

        You request the opinion of this office as to whether a
certain transfer of motor vehicles between the Johnston Oil
Field Service Corporation and Johnston Testers, Inc. is subject
to the tax levied by Article 7047k, Civil Statutes.

        The facts seem to be as follows:  All of the capital
stock of Johnston Oil Field Service Corporation, a Texas corpor-
ation, was acquired by the Johnston Testers, Inc., a Delaware
corporation, with a permit to do business in the State of Texas.
This being accomplished the Johnston Oil Field Service Corpora-
tion was liquidated by transfer of all the assets of the Johnston
Oil Field Service Corporation, including the motor vehicles
owned and registered by the Johnston Oil Field Service Corpora-
tion. There was in fact a merger of the Johnston Oil Field Ser-
vice Corporation with the Johnston Testers, Inc., without con-
sideration.

        We are of the opinion that under the conceded facts this
transaction does not constitute a taxable sale of the motor
vehicles under the provisions of Article 7047k, V.C.S.  There is
no case in this State or in any other jurisdiction which our re-
search has revealed exactly in point.  In the case of <u>Jones,
Collector of Internal Revenue v. Noble Drilling Company, Incor-
porated</u>, 135 Fed. 2d 721, involving facts somewhat similar, the
court said:

        "The merger agreement was without consideration.
    There was a statutory merger, not a mere sale of assets."

        It appears that if there be a merger of two corporations,
either by contract or by operation of law, without consideration

moving to the liquidated corporation, it does not have the effect of converting the transfer of the assets of the liquidated corporation to the surviving corporation into a sale of the assets.

We do not think the facts here are analagous to the facts upon which our previous Opinion No. V-36 (1947) is based. A transfer of the motor vehicles by the partnership to the corporation in Opinion No. V-36 was concededly based upon the value of the motor vehicles transferred, hence upon a substantial and ascertainable consideration. Such is not the case here.

### SUMMARY

There is not a sale of motor vehicles within the provisions of the motor vehicle sales tax imposed by Article 7047k upon the transfer of motor vehicles from a liquidated corporation to the surviving corporation by a merger of the corporations when the merger was without consideration.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By: s/L. P. Lollar
L. P. Lollar
Assistant

APPROVED:

W.V. Geppert
Taxation Division

Willis Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

LPL:MG:wc